**Eleuterio Jorge VICENTE–XILOJ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72515.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 21, 2011.

Erika Vejar, Esquire, Law Offices of Erika Vejar, San Dimas, CA, for Petitioner.

Eleuterio Jorge Vicente–Xiloj, Riverside, CA, pro se.

Jeffrey Lawrence Menkin, Trial, OIL, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

Eleuterio Jorge Vicente–Xiloj, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Kin v. Holder,* 595 F.3d 1050, 1054 (9th Cir.2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based upon both internal inconsistencies within Vicente–Xiloj's testimony and on an inconsistency between his testimony and the death certificate he submitted regarding the circumstances of his friend's death, *see Goel v. Gonzales,* 490 F.3d 735, 739 (9th Cir.2007) (per curiam) (inconsistencies between testimony and documentary evidence regarding nature of attack and injuries suffered went to the heart of the claim

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and supported an adverse credibility finding), and the agency reasonably rejected Vicente–Xiloj's explanations for these discrepancies, *see Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007). Accordingly, in the absence of credible testimony, Vicente–Xiloj's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Vicente–Xiloj fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.